| | |
|---|---|
| WILLIAM KIMBLE, Jr., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> SAINT T. TAPP, et al., ) <br> ) <br> Defendants. ) <br> ) | ORDER |

**THIS MATTER** is before the Court on Defendants' Motion to Dismiss All Claims. [Doc. 20].

## I. BACKGROUND

Pro se Plaintiff William Kimble, Jr., is an inmate of the State of North Carolina, currently incarcerated at Bertie Correctional Institution in Windsor, North Carolina. Plaintiff filed this action on September 28, 2018, pursuant to 42 U.S.C. § 1983, naming as Defendants Saint T. Tapp, identified as the Assistant Unit Manager for the F Unit at Marion Correctional Institution ("Marion"), and Defendant FNU James, identified as the Unit Manager for the F Unit at Marion. Plaintiff brings a claim against Defendants for deliberate indifference to serious medical needs in violation of his Eighth Amendment rights. Specifically, Plaintiff alleges that Defendants have refused to allow Plaintiff to wear his medically prescribed shoes with inserts in them. For relief, Plaintiff seeks to have his therapeutic shoes returned to him. [Doc. 1].

On February 12, 2019, the Court reviewed the complaint for frivolity under 28 U.S.C. § 1915(e) and § 1915A and allowed Plaintiff's claim to proceed. [Doc. 11]. On August 09, 2019, Defendant filed the pending motion to dismiss based on Plaintiff's failure to exhaust his

administrative remedies. [Doc. 20]. On August 19, 2019, this Court entered an order, in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of his right to respond to Defendants' motion within 14 days of that Order. [Doc. 21]. Plaintiff has not filed a response.

**II.     DISCUSSION**

The Prison Litigation Reform Act ("PLRA") requires a prisoner to exhaust his administrative remedies before filing a section 1983 action. 42 U.S.C. § 1997e(a). The PLRA provides, in pertinent part: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Id. In Porter v. Nussle, 534 U.S. 516 (2002), the Supreme Court held that the PLRA's exhaustion requirement applies to all inmate suits about prison life. The Court ruled that "exhaustion in cases covered by § 1997e(a) is now mandatory." Id. at 524 (citation omitted). The Porter Court stressed that, under the PLRA, exhaustion must take place before the commencement of the civil action in order to further the efficient administration of justice. Id.

In Woodford v. Ngo, 548 U.S. 81 (2006), the Supreme Court held that the PLRA exhaustion requirement requires "proper" exhaustion: "Administrative law . . . requir[es] proper exhaustion of administrative remedies, which 'means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits).'" Id. at 90 (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002)). In Jones v. Bock, 549 U.S. 199 (2007), the Supreme Court stated: "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." Id. at 211 (citing Porter, 534 U.S. at 524). Finally, it is well-settled that a prisoner may not exhaust his administrative remedies during the

2

pendency of a Section 1983 action; rather, he must fully exhaust all steps of the administrative process before filing his lawsuit. See Germain v. Shearin, 653 Fed. Appx. 231, 234 (4th Cir. 2016); French v. Warden, 442 F. App'x 845, 846 (4th Cir. 2011). The North Carolina Department of Public Safety ("NCDPS") has established, in its Administrative Remedies Procedures ("ARP"), a three-step procedure governing submission and review of inmate grievances. Moore v. Bennette, 517 F.3d 717, 721 (4th Cir. 2008).

Here, Plaintiff admits in his own verified statement that he had not exhausted his administrative remedies at the time he filed this lawsuit. [Doc. 5]. Because Plaintiff failed to comply with the exhaustion requirements of 42 U.S.C. § 1997e(a) before filing this lawsuit, his claim against Defendants must be dismissed without prejudice. The Court will, therefore, grant Defendant's motion to dismiss.

Furthermore, the Court notes that Plaintiff seeks only injunctive relief, that is, return of his therapeutic shoes. Since filing the Complaint in this matter, Plaintiff has been transferred to Bertie Correctional Institution. As such, any claim Plaintiff may have had against officials at Marion appears to be moot, in any event. See Rendelman v. Rouse, 569 F.3d 182, 186 (4th Cir. 2009) ("[A]s a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there.").

**IV.    CONCLUSION**

In sum, for the reasons stated herein, the Court grants Defendants' Motion to Dismiss and dismisses this action without prejudice.

**IT IS, THEREFORE, ORDERED** that:

1. Defendant's Motion to Dismiss [Doc. 20] is **GRANTED**, and this action is dismissed without prejudice for failure to exhaust administrative remedies.

2. The Clerk is respectfully instructed to terminate this action.

Signed: November 14, 2019

Frank D. Whitney
Chief United States District Judge